# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAMES D. ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18CV352 |
| | ) | |
| BENEFICIAL, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon *pro se* Plaintiff James D. Rogers's application to proceed *in forma pauperis* (IFP). (Docket Entry 1.) The Court will review the Complaint to determine whether dismissal is appropriate because it is frivolous or malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). "Dismissal of an action . . . is appropriate when it lacks an arguable basis in law or fact." *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010). A frivolous complaint "lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Nagy v. Federal Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)).

Alternatively, a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*,

1

556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* Pro se complaints are to be construed liberally and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotations omitted).

Here, although difficult to discern, it appears that Plaintiff alleges that Beneficial, a mortgage servicing company, denied him "Due Process" and "constitutional rights" and engaged in "[f]raud, [n]egligence, and [m]isrepresentation" in its handling of his mortgage and foreclosure on that mortgage. (Compl., Docket Entry 2 at 4.) Plaintiff cites 28 U.S.C. §§ 1331-1446 as well as "individual civil rights pertaining to the Constitution..." in his jurisdictional statement. (*Id.* at 3-4.) Plaintiff offers no factual basis for these conclusory claims; he provides neither a specific act or omission of any defendant nor any place or time of any such act or omission. (*Id.* at 4.) Plaintiff asserts that Defendant committed "multiple violations of . . . proper loan procedures" and references attached exhibits; Plaintiff provides no factual basis for these violations and does not attach any exhibits. (*Id.*)

Plaintiff's prayer for relief "realleges" the claims in the statement of the claim and also references an "Absentee Trustee's Deed" that Plaintiff alleges is "null and void." (*Id.*) Again, Plaintiff does not allege any act or omission of Defendant in conjunction with any of his allegations. (*Id.*) Plaintiff asks for cancellation of Defendant's deed and interest in the real property in question (Plaintiff's address of record) and for $750,000 in "monetary and punitive damages." (*Id.* at 4-5.)

2

Here, Plaintiff's Complaint fails to state a claim upon which relief may be granted for several reasons. First, Plaintiff alleges that Defendant violated his "Due Process and constitutional rights." (*Id.* at 4.) Even if the Court were to construe this as a Fourteenth Amendment claim, Plaintiff has named no entity acting under color of state law and has not referenced 42 U.S.C. § 1983. *See Doe v. Rosa*, 795 F.3d 429, 436 (4th Cir. 2015) ("Section 1983 imposes liability on state actors who cause the 'deprivation of any rights, privileges, or immunities secured by the Constitution.' Under established precedent, these constitutional rights include a Fourteenth Amendment . . . due process right against state actor conduct . . . ."). Similarly, if the Court were to read Plaintiff's claim as a Fifth Amendment Due Process claim, the Complaint would fail because Plaintiff has named no federal entity. *See Holly v. Scott*, 434 F.3d 287, 291 (4th Cir. 2006) ("The first factor counseling hesitation is that defendants' actions are not 'fairly attributable' to the federal government.") (quoting *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982)).

Furthermore, Plaintiff's complaint fails for general insufficiency reasons. As stated previously, while a complaint need only make "a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought," Fed. R. Civ. P. 8(a)(2)-(3) (2017), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Here, Plaintiff does make a short and plain statement for relief. (Compl. at 4-5) (requesting invalidation of Defendant's trustee deed as well as $750,000 in "monetary and punitive damages"). However, Plaintiff's statement of the claim provides no elements for any cognizable cause of action and provides little to no factual basis for any claim. (*Id.*) Plaintiff merely asserts conclusions of "improper

3

noticing for mortgage and deed activities" and "multiple violations of ignoring proper loan procedures." (*Id.* at 4.) Plaintiff provides no specific acts or omissions and does not reference any specific laws or contract provisions that would support these conclusions. Plaintiff does not state any specific harm or damage done by Defendant (other than what the Court infers as Defendant's foreclosure on Plaintiff's mortgage). Thus, Plaintiff has not sufficiently pleaded any factual basis in his Complaint and has not stated a claim on which relief may be granted. *Clemons v. Bradley*, No. C/A 6:07CV03286 GRA, 2008 WL 3166001, at *3 (D.S.C. Aug. 4, 2008) (unpublished) ("Plaintiff fails to provide the Court with any substantial factual background for the claims he attempts to raise. Although he has named numerous Defendants and he claims that all of them engaged in supposed wrongdoing . . . other than writing down repetitive lists of conclusory legal terminology under Defendants' name, he does not specify what each Defendant did, factually[.]").

Additionally, the Court takes note of the Plaintiff's allegations of "[f]raud, [n]egligence, and [m]isrepresentation" in his Complaint. (*Id.*) Pursuant to Rule 9, when alleging fraud, "a party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b) (2017). As described above, Plaintiff has proffered no factual basis for any such allegations for the causes of action in his Complaint. Thus, this Complaint should be dismissed without prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B). Accordingly,

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entry of this Order.

IT IS RECOMMENDED that the Complaint be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted.

Joe L. Webster
United States Magistrate Judge

June 28, 2018
Durham, North Carolina